STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

PHYLLIS BURGESS,
Plaintiff,

v.

NORTH PROVIDENCE HOUSING AUTHORITY, CAROL PONTARELLI, IN HER OFFICIAL CAPACITY AS CHAIR OF THE AUTHORITY, DONNA CONWAY, IN HER CAPACITY AS EXECUTIVE DIRECTOR OF THE AUTHORITY, ROSEMARY ANDREOZZI, IN HER CAPACITY AS VICE CHAIR OF THE NPHA BENJAMIN ACETO, AS A MEMBER OF THE AUTHORITY'S BOARD, JOHN L. ZAMBARANO, AS A MEMBER OF THE AUTHORITY'S BOARD, STEVEN DILORENZO, AS A MEMBER OF THE AUTHORITY'S BOARD AND TOWN COUNCIL MEMBER JOHN A. ZAMBARANO, INDIVIDUALLY AND AS A MEMBER OF THE NORTH PROVIDENCE TOWN COUNCIL,
Defendants.

**C.A. No. 04-5801**

*No New Counts*
**(Removing Indiv. Liability / NPHA / Cite to RICRIHA Count 14)**

**PLAINTIFF'S SECOND AMENDED COMPLAINT BY WAY OF STIPULATION AND REQUEST FOR A TRIAL BY JURY**

## I. INTRODUCTION

This case presents several issues on behalf of a North Providence Housing Authority (hereinafter "Authority or Employer") employee, Mrs. Phyllis Burgess (hereinafter "Burgess"), regarding discipline imposed on her over the course of the last six months. Burgess was taken out of work in December 2003 and January 2004 because of a non-work related car accident and since returning to work in February-March 2004 was treated to unrelenting harassment by the Authority's Executive Director, Donna Conway, and several members of the Authority's Board of Directors.

In one instance, Burgess was subjected to disciplinary action by the Authority when she refused to violate state and federal housing privacy laws when pressured to do so by a member of the North Providence Town Council, John A. Zambarano, when he threatened her job if she did not provide him with information about a Section 8 participant. These actions violate the Rhode Island Whistleblower Protection Act (Section 28-50-3 et seq.) and Councilman Zambarano engaged in a civil conspiracy with members of he Authority's Board of Commissioners to discipline Burgess when she resisted Councilman Zambarano's pressure to violate tenant privacy laws and the Authority's own code of conduct provision which says employees cannot release tenant information without the tenant's permission.

When Burgess told Councilman Zambarano that she was going to repot his pressure to the U.S. Department of Housing and Urban Development is when Burgess started to get harassed by the Authority's supervisory employees, especially the Executive Director Donna Conway, and was then eventually disciplined by way of a written warning just one day after her run-in with this elected official and then a thirty (30) day suspension when she began to challenge the Authority's actions internally and by retaining counsel on this issue.

Burgess also had her Rhode Island (Rhode Island Constitution: Article I, Section 2) and federal due process rights (U.S. Const. Fifth and Fourteenth Amendments) violated by not being given proper notice of a hearing on her grievances (she is non-union so the Authority's own and rules and regulations provide for such notice and a hearing) and was only told of her ability to have a hearing on certain discipline after arriving at a hearing designated for a thirty (30) day suspension before the Authority's Board of Commissioners on or about September 21, 2004. At that hearing, the Attorney

for the Authority disregarded Burgess' procedural objections and forced her to go forward with the hearing or risk waiving her rights under the Authority's rules and regulations.

Burgess is also suing herein under the Rhode Island Civil Rights Act (Section 42-111-2 et seq.) and for various objectionable conduct by the Authority and its Executive Director, Donna Conway, amounting to intentional and negligent infliction of emotional distress and for breach of contract as the Authority refused in this instance to follow its own rules contained in its Employee Manual.

Finally, Burgess is herein appealing the Authority's implausible decision issued on or about September 30, 2004 (and delivered to Burgess on or about October 2, 2004) wherein the Board of Commissioners affirmed the Executive Director's imposition on Burgess of a thirty (30) day suspension even though Burgess notified the Authority's Board of her claims that she was subjected to disability discrimination and was the victim of numerous violations of the Whistleblower Protection Act.

Given that the Board of Commissioners' decision violated basis rules of procedural and substantive due process and was rendered in violation of the Administrative Procedure Act, this Court should issue an order either overturning that decision or send it back to the Authority to grant Burgess a hearing free of the kind of procedural and substantive errors that rendered the decision illegal and unfair.

## II. PARTIES AND JURISDICTION

1. At all times material hereto, Phyllis Burgess ("Plaintiff") was a resident of the Town of North Providence, County of Providence, State of Rhode Island.

2. At all times material hereto, the North Providence Housing Authority ("NPHA" or "Defendant") was an agency existing under the laws of the State of Rhode Island with its principal place of business in the town of North Providence, County of Providence, State of Rhode Island.

3. Carol Pontarelli serves as Chairwoman of the Authority and the following persons, as appointed by the Town Council, served as Board members during all relevant times herein: Rosemary Andreozzi, Benjamin Aceto, John L. Zambarano, Steven DiLorenzo.

4. John A. Zambarano during all times relevant herein served as an elected councilman on the North Providence Town Council.

5. Donna Conway during all relevant times herein served as the Executive Director of the Authority and was appointed by the Chairwoman of the Authority.

6. This court has jurisdiction pursuant to the provisions of R.I.G.L. § 42-35-15.

7. This court also has jurisdiction of this action under R.I.G.L. § 42-111-2.

8. This Court also has jurisdiction of this action under R.I.G.L. § 42-46-1.

9. This Court also has jurisdiction of this action under Rhode Island's Constitution Article I, Section 2 and the Fifth and Fourteenth Amendments to the United States Constitution.

10. This Court has general equity jurisdiction in this matter.

11. This court also has jurisdiction of this action under R.I.G.L. § 28-50-3 and 42-87-1, et. seq.[1]

---

[1] Burgess has also filed a charge of disability, perception of disability and disability harassment discrimination at the Rhode Island Commission for Human Rights and is now seeking to amend this Complaint to conform to the Commission for Human Rights' right to sue letter.

## III. BRIEF FACTUAL BACKGROUND

12. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

13. On or about September 2, 2004, Plaintiff was suspended from her employment.

14. This suspension occurred following a hearing in executive session of the NPHA (the "Hearing").

15. As a result of the actions taken by Defendant, Plaintiff has suffered and will continue to suffer irreparable harm.

## IV. CAUSES OF ACTION

### A. COUNT I: APPEAL OF THIRTY DAY SUSPENSION UNDER THE RHODE ISLAND ADMINISTRATIVE PROCEDURES ACT AS THE AUTHORITY VIOLATED BURGESS' SUBSTANTIVE AND PROCEDURAL RIGHTS AND DISREGARDED ITS OWN RULES REGARDING THE IMPOSITION OF DISCIPLINE IN THIS CASE

### VIOLATIONS OF R.I.G.L. § 42-35-15

16. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

17. Plaintiff has exhausted all administrative remedies available to contest the actions of the Defendant in suspending her as the Authority and all of the individual Defendants imposed a suspension on Burgess even though the Authority's own rules required that she be provided two (2) written warnings prior to the imposition of a suspension.

18. When noted at the September 21, 2004 hearing by Burgess that she had only one written warning and that the letter of suspension never mentioned that her actions, if proved, would constituted a serious breach of the Authority's disciplinary rules, the Authority's Chairwoman and its attorney disregarded the rules and for the first time at that hearing began to argue that Burgess' action, if proved, would indeed constitute a serious breach of the Authority's rules, thereby allowing the Authority to by-pass the two written warning rule.

19. The Authority's rules expressly provide that employees must be provided two written warning under progressive disciplinary standards prior to the imposition of a suspension.

20. The Authority failed to follow its own rules regarding the imposition of the thirty day suspension in this matter.

21. The Authority's disciplinary rules and regulations are attached hereto as **Exhibit 1**.

22. When notified of the imposition of the Authority's immediate thirty (30) day suspension on or about September 1, 2004, Burgess was simply told that "you are hereby notified that pursuant to the Personnel Policy of the North Providence Housing Authority, in accordance with the disciplinary procedure, you are hereby suspended without pay effective September 2, 2004 for a period of thirty (30) days..." Letter to Phyllis Burgess from NPHA dated September 1, 2004 attached hereto as **Exhibit 2**.

23. Defendant's actions taken prior to and subsequent from the Hearing are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.

24. Defendant's actions taken prior to and subsequent from the Hearing are arbitrary, capricious, characterized by abuse of discretion, and clearly unwarranted exercise of discretion.

25. The Authority's actions are without substantial evidence and violate basic standards of procedural fairness thereby violating R.I.G.L. § 42-35-15.

26. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff requests that under the authority of the Rhode Island Administrative Procedures Act this Court reverse the Authority's imposition of the September 1, 2004 thirty (30) day suspension or in the alternative order the Authority and the individual Defendants to provide Burgess with a new hearing while following minimum standards of procedural due process. Plaintiff also requests that this Court order that the Defendants pay Burgess costs of this action and reasonable attorney fees.

**B. COUNT II: ACTION FOR VIOLATION OF THE RHODE ISLAND WHISTLEBLOWER PROTECTION ACT AS AGAINST THE NORTH PROVIDENCE HOUSING AUTHORITY, ITS INDIVIDUAL BOARD MEMBERS AND DONNA CONWAY AS THE AUTHORITY'S EXECUTIVE DIRECTOR**

## VIOLATIONS OF R.I.G.L. § 28-50-1, ET. SEQ.

27. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

28. On or about, April 1, 2004, Councilman John A. Zambarano called the North Providence Housing Authority to speak with Mrs. Burgess about whether a Section 8 participant and whether a particular landlord in North Providence would qualify as a participant in the federal rent assistance program know as Section 8.

29. Burgess told Councilman Zambarano that she could not give him the information he sought as doing so would violate her agreement with the Housing Authority to keep tenant information private and shared with him her obligations under federal and state housing privacy laws.

30. Councilman Zambarano, when not receiving the information he sought from Mrs. Burgess, threatened to complain to the Board of Commissioners if she did not comply with his demands.

31. After the phone conversation ended on April 1, 2004, Councilman Zambarano proceeded to complain to Authority Board Member John L. Zambarano about Mrs. Burgess' conduct in his phone call from the day before.

32. The complaint made to Board Member John L. Zambarano by Councilman John A. Zambarano resulted in a written memorandum by Board Member John L. Zambarano that was introduced as evidence of improper conduct against Mrs. Burgess at the Authority's September 21, 2004 disciplinary hearing and is attached hereto as **Exhibit 3**.

33. Mrs. Burgess has been disciplined on two (2) occasions by her supervisor and the Board of the Housing Authority since the incident involving Councilman John A. Zambarano in April 2004.

34. Mrs. Burgess was given a written warning with no basis in fact on or about April 2, 2004, just one day after her involvement with Councilman John A. Zambarano.

35. Mrs. Burgess was then suspended for thirty (30) days on or about September 1, 2004, again with no basis in fact.

36. The disciplinary actions taken against Mrs. Burgess as stated herein are the direct and proximate result of her desire to report Councilman John A. Zambarano for pressuring her to violate state and federal tenant privacy laws, rules and regulations and

therefore violated R.I.G.L. § 28-50-3 as she reported to her supervisor and thus to her employer that she refused to violate or assist in violate federal, state and local laws, rules and regulations protecting tenant privacy when Councilman John A. Zambarano ordered and pressured her to do so.

37. The disciplinary actions taken against Mrs. Burgess as stated herein are the direct and proximate result of her desire to report Councilman John A. Zambarano for pressuring her to violate state and federal tenant privacy laws, rules and regulations and therefore violated R.I.G.L. § 28-50-3 as she was about to report ot a public body (the State Attorney General's Office or the U.S. Department of Housing and Urban Development or to any law enforcement agency), verbally or in writing, that she refused to violate or assist in violate federal, state and local laws, rules and regulations protecting tenant privacy when Councilman John A. Zambarano ordered and pressured her to do so

WHEREFORE, Plaintiff requests that under the authority of the Rhode Island Whistleblower Protection Act that the Court impose damages and issue and injunction against the Authority, its Board Members and Councilman John A. Zambarano prohibiting them individually and in concert from violating the Rhode Island Whistleblower Protection Act and to restore Mrs. Burgess her lost pay and benefits for her day suspension and such other damages as the Court or jury shall order. Plaintiff also requests that this Court order that the Defendants pay Burgess costs of this action and reasonable attorney fees.

C. **COUNT III: ACTION FOR VIOLATION OF THE RHODE ISLAND WHISTLEBLOWER PROTECTION ACT AS AGAINST COUNCILMAN JOHN A. ZAMBARANO INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY**

## VIOLATIONS OF R.I.G.L. § 28-50-1, ET. SEQ.

38. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

39. On or about, April 1, 2004, Councilman John A. Zambarano called the North Providence Housing Authority to speak with Mrs. Burgess about a Section 8 participant and whether a particular landlord in North Providence would qualify as a participant in the federal rent assistance program know as Section 8.

40. Burgess told Councilman Zambarano that she could not give him the information he sought as doing so would violate her agreement with the Housing Authority to keep tenant / participant information private and shared with him her obligations under federal and state housing privacy laws.

41. Councilman Zambarano, when not receiving the information he sought from Mrs. Burgess, threatened to complain about her conduct to the Board of Commissioners if she did not comply with his demands.

42. After the phone conversation ended on April 1, 2004, Councilman Zambarano proceeded to complain to Authority Board Member John L. Zambarano about Mrs. Burgess' conduct in his phone call from the day before.

43. The complaint made to Board Member John L. Zambarano by Councilman John A. Zambarano resulted in a written memorandum by Board Member John L. Zambarano that was introduced as evidence of improper conduct against Mrs. Burgess at the Authority's September 21, 2004 disciplinary hearing and is attached hereto as **Exhibit 3**.

44. Mrs. Burgess has been disciplined on two (2) occasions by her supervisor(s) and the Board of Commissioners of the Housing Authority since the incident set out herein involving Councilman John A. Zambarano occurred in April 2004.

45. Mrs. Burgess was given a written warning with no basis in fact on or about April 2, 2004, just one day after her involvement with Councilman John A. Zambarano.

46. Mrs. Burgess was then suspended for thirty (30) days on or about September 1, 2004, again with no basis in fact.

47. The disciplinary actions taken against Mrs. Burgess as stated herein are the direct and proximate result of her refusal to violate federal and state privacy laws and her desire to report Councilman John A. Zambarano for pressuring her to violate state and federal tenant privacy laws, rules and regulations and therefore violated R.I.G.L. § 28-50-3 as she intended to report to her supervisor and thus to her employer that she refused to violate or assist in violate federal, state and local laws, rules and regulations protecting tenant / participant privacy when Councilman John A. Zambarano ordered and pressured her to do so on or about April 1, 2004.

WHEREFORE, Plaintiff requests that under the authority of the Rhode Island Whistleblower Protection Act that the Court impose damages and issue an injunction against Councilman John A. Zambarano prohibiting him individually and in concert with his co-conspirators from the Housing Authority from violating the Rhode Island Whistleblower Protection Act and to restore Mrs. Burgess her lost pay and benefits for her thirty (30) day suspension and such other damages as the Court or jury shall order. Plaintiff also requests that this Court order that the Defendant pay Burgess' costs of this action and reasonable attorney fees.

**D. <u>COUNT IV: ACTION FOR VIOLATION OF THE RHODE ISLAND CIVIL RIGHTS ACT AS AGAINST THE NORTH PROVIDENCE HOUSING AUTHORITY, ITS BOARD OF COMMISSIONERS AND DONNA CONWAY, ITS EXECUTIVE DIRECTOR</u>**

## VIOLATIONS OF R.I.G.L. § 42-111-1, ET. SEQ.

48. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

49. Mrs. Burgess has for all relevant times herein served as the Section 8 Coordinator for the North Providence Housing Authority as that agency's employee.

50. Mrs. Burgess was taken out of work in December 2003 and January 2004 because of a non-work related car accident and since returning to work in February-March 2004 was treated to unrelenting harassment by the Authority's Executive Director, Donna Conway, and several members of the Authority's Board of Directors.

51. The harassment set out herein was based on the Authority's and Donna Conway's perception of Burgess as disabled under the Rhode Island Civil Rights Act, R.I.G.L. § 42-111-2.

52. In one instance, Burgess was subjected to disciplinary action by the Authority when she refused to violate state and federal housing privacy laws when pressured to do so by a member of the North Providence Town Council, John A. Zambarano, when he threatened her job if she did not provide him with information about a tenant living in one of the Authority's housing developments. These actions violate the Rhode Island Whistleblower Protection Act (Section 28-50-3 et seq.) and Councilman Zambarano engaged in a civil conspiracy with members of he Authority's Board of Commissioners to discipline Burgess when she resisted Councilman Zambarano's pressure to violate tenant privacy laws and the Authority's own code of conduct provision which says employees cannot release tenant information without the tenant's permission. When Burgess told Councilman Zambarano that she was going to repot his pressure to the U.S. Department of Housing and Urban Development or perhaps to other law enforcement

authorities is when Burgess started to get harassed by the Authority's supervisory employees, especially the Executive Director Donna Conway, and was then eventually disciplined by way of a written warning just one day after her run-in with this elected official and then a thirty (30) day suspension when she began to challenge the Authority's actions internally and by retaining counsel on this issue.

53. The disability harassment lead the Authority and its Board of Commissioners and Donna Conway to violate R.I.G.L. § 42-111-2 by causing Mrs. Burgess to be disciplined in her work and to lose thirty (30) days pay in September 2004 and for the Authority to impose a written warning on Burgess.

54. The Authority and its Board of Commissioners and Donna Conway to violate R.I.G.L. § 42-111-2 by discriminating against Mrs. Burgess because of her age, being over forty (40) years old.

55. These actions cause Mrs. Burgess to lose money by imposing a thirty (30) day suspension on her in September 30, 2004 and for the costs and attorney fees she has had to expend to remedy these violations of the Civil Rights Act.

WHEREFORE, Plaintiff requests that under the authority of the Rhode Island Civil Rights Act that the Court impose damages and issue an injunction against the Authority, its Board of Commissioners and Donna Conway prohibiting them individually and in concert with their co-conspirators from violating the Rhode Island Civil Rights Act and to restore Mrs. Burgess her lost pay and benefits for her thirty (30) day suspension and such other damages as the Court or jury shall order. Plaintiff also requests that this Court order that the Defendant pay Burgess' costs of this action and reasonable attorney fees.

E. **COUNT V: ACTION FOR VIOLATION OF THE RHODE ISLAND CIVIL RIGHTS ACT AS AGAINST THE NORTH PROVIDENCE HOUSING AUTHORITY BOARD OF COMMISSIONERS: CAROL PONTARELLI, ROSEMARY ANDREOZZI, BENJAMIN ACETO, JOHN L. ZAMBARANO, STEVEN DILORENZO INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE AUTHORITY'S BOARD OF COMMISSIONERS**

## VIOLATIONS OF R.I.G.L. § 42-111-1, ET. SEQ.

56. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

57. Mrs. Burgess has for all relevant times herein served as the Section 8 Coordinator for the North Providence Housing Authority as that agency's employee.

58. Mrs. Burgess was taken out of work in December 2003 and January 2004 because of a non-work related car accident and since returning to work in February-March 2004 was treated to unrelenting harassment by the Authority's Executive Director, Donna Conway, and several members of the Authority's Board of Directors.

59. The harassment set out herein was based on the Authority's and Donna Conway's perception of Burgess as disabled under the Rhode Island Civil Rights Act, R.I.G.L. § 42-111-2.

60. In one instance, Burgess was subjected to disciplinary action by the Authority when she refused to violate state and federal housing privacy laws when pressured to do so by a member of the North Providence Town Council, John A. Zambarano, when he threatened her job if she did not provide him with information about a tenant living in one of the Authority's housing developments. These actions violate the Rhode Island Whistleblower Protection Act (Section 28-50-3 et seq.) and Councilman Zambarano engaged in a civil conspiracy with members of he Authority's Board of Commissioners to discipline Burgess when she resisted Councilman Zambarano's pressure to violate tenant privacy laws and the Authority's own code of conduct provision which says

employees cannot release tenant information without the tenant's permission. When Burgess told Councilman Zambarano that she was going to repot his pressure to the U.S. Department of Housing and Urban Development or perhaps to other law enforcement authorities is when Burgess started to get harassed by the Authority's supervisory employees, especially the Executive Director Donna Conway, and was then eventually disciplined by way of a written warning just one day after her run-in with this elected official and then a thirty (30) day suspension when she began to challenge the Authority's actions internally and by retaining counsel on this issue.

61. The disability harassment lead the Authority and its Board of Commissioners and Donna Conway to violate R.I.G.L. § 42-111-2 by causing Mrs. Burgess to be disciplined in her work and to lose thirty (30) days pay in September 2004 and for the Authority to issue a written warning on Burgess.

62. The Authority and its Board of Commissioners and Donna Conway to violate R.I.G.L. § 42-111-2 by discriminating against Mrs. Burgess because of her age, being over forty (40) years old.

63. These actions cause Mrs. Burgess to lose money by imposing a thirty (30) day suspension on her in September 30, 2004 and for the costs and attorney fees she has had to expend to remedy these violations of the Civil Rights Act.

WHEREFORE, Plaintiff requests that under the authority of the Rhode Island Civil Rights Act that the Court impose damages and issue an injunction against the Authority and its Board of Commissioners prohibiting them individually and in concert with their co-conspirators from violating the Rhode Island Civil Rights Act and to restore Mrs. Burgess her lost pay and benefits for her thirty (30) day suspension and such other

damages as the Court or jury shall order. Plaintiff also requests that this Court order that the Defendant pay Burgess' costs of this action and reasonable attorney fees.

## F. COUNT VI: ACTION FOR VIOLATION OF THE RHODE ISLAND CIVIL RIGHTS ACT AS AGAINST THE NORTH PROVIDENCE HOUSING AUTHORITY BOARD OF COMMISSIONERS EXECUTIVE DIRECTOR DONNA CONWAY

## VIOLATIONS OF R.I.G.L. § 42-111-1, ET. SEQ.

64. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

65. Mrs. Burgess has for all relevant times herein served as the Section 8 Coordinator for the North Providence Housing Authority as that agency's employee.

66. Mrs. Burgess was taken out of work in December 2003 and January 2004 because of a non-work related car accident and since returning to work in February-March 2004 was treated to unrelenting harassment by the Authority's Executive Director, Donna Conway, and several members of the Authority's Board of Directors.

67. The harassment set out herein was based on the Authority's and Donna Conway's perception of Burgess as disabled under the Rhode Island Civil Rights Act, R.I.G.L. § 42-111-2.

68. In one instance, Burgess was subjected to disciplinary action by the Authority when she refused to violate state and federal housing privacy laws when pressured to do so by a member of the North Providence Town Council, John A. Zambarano, when he threatened her job if she did not provide him with information about a tenant living in one of the Authority's housing developments. These actions violate the Rhode Island Whistleblower Protection Act (Section 28-50-3 et seq.) and Councilman Zambarano engaged in a civil conspiracy with members of he Authority's Board of Commissioners

to discipline Burgess when she resisted Councilman Zambarano's pressure to violate tenant privacy laws and the Authority's own code of conduct provision which says employees cannot release tenant information without the tenant's permission. When Burgess told Councilman Zambarano that she was going to repot his pressure to the U.S. Department of Housing and Urban Development or perhaps to other law enforcement authorities is when Burgess started to get harassed by the Authority's supervisory employees, especially the Executive Director Donna Conway, and was then eventually disciplined by way of a written warning just one day after her run-in with this elected official and then a thirty (30) day suspension when she began to challenge the Authority's actions internally and by retaining counsel on this issue.

69. The disability harassment lead the Authority and its Board of Commissioners and Donna Conway to violate R.I.G.L. § 42-111-2 by causing Mrs. Burgess to be disciplined in her work and to lose thirty (30) days pay in September 2004 and for the Authority to issue a written warning on Burgess.

70. The Authority and its Board of Commissioners and Donna Conway to violate R.I.G.L. § 42-111-2 by discriminating against Mrs. Burgess because of her age, being over forty (40) years old.

71. These actions cause Mrs. Burgess to lose money by imposing a thirty (30) day suspension on her in September 30, 2004 and for the costs and attorney fees she has had to expend to remedy these violations of the Civil Rights Act.

WHEREFORE, Plaintiff requests that under the authority of the Rhode Island Civil Rights Act that the Court impose damages and issue an injunction against the Authority's Board of Commissioners' Executive Director individually and in her official capacity

Donna Conway from violating the Rhode Island Civil Rights Act and to restore Mrs. Burgess her lost pay and benefits for her thirty (30) day suspension and such other damages as the Court or jury shall order. Plaintiff also requests that this Court order that the Defendant pay Burgess' costs of this action and reasonable attorney fees.

**G. COUNT VII: VIOLATION OF THE RHODE ISLAND CONSTITUTION ARTICLE I SECTION 2's DUE PROCESS CLAUSE AS AGAINST THE NORTH PROVIDENCE HOUSING AUTHORITY, ITS BOARD OF COMMISSIONERS AND ITS EXECUTIVE DIRECTOR DONNA CONWAY**

## VIOLATIONS OF R.I.G.L. CONST. ARTICLE I § 2

72. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

73. Plaintiff has exhausted all administrative remedies available to contest the actions of the Defendant in suspending her as the Authority and all of the individual Defendants imposed a suspension on Burgess even though the Authority's own rules required that she be provided two (2) written warnings prior to the imposition of a suspension.

74. When noted at the September 21, 2004 hearing by Burgess that she had only one written warning and that the letter of suspension never mentioned that her actions, if proved, would constituted a serious breach of the Authority's disciplinary rules, the Authority's Chairwoman and its attorney disregarded the rules and for the first time at that hearing began to argue that Burgess' action, if proved, would indeed constitute a "serious breach" of the Authority's rules, thereby allowing the Authority to by-pass the two written warning rule.

75. The Authority's rules expressly provide that employees must be provided two written warning under progressive disciplinary standards prior to the imposition of a suspension.

76. The Authority failed to follow its own rules regarding the imposition of the thirty day suspension in this matter.

77. The Authority's disciplinary rules and regulations are attached hereto as **Exhibit 1**.

78. When notified of the imposition of the Authority's immediate thirty (30) day suspension on or about September 1, 2004, Burgess was simply told that "you are hereby notified that pursuant to the Personnel Policy of the North Providence Housing Authority, in accordance with the disciplinary procedure, you are hereby suspended without pay effective September 2, 2004 for a period of thirty (30) days..." Letter to Phyllis Burgess from NPHA dated September 1, 2004 attached hereto as **Exhibit 2**.

79. Defendant's actions taken prior to and subsequent from the Hearing are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.

80. Defendant's actions taken prior to and subsequent from the Hearing are arbitrary, capricious, characterized by abuse of discretion, and clearly unwarranted exercise of discretion.

81. The Authority's actions are without substantial evidence and violate basic standards of procedural fairness under that state's constitution due process clause.

82. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff requests that under the authority of the Rhode Island Constitution Article I Section 2 "Due Process" that this Court reverse the Authority's imposition of the September 1, 2004 thirty (30) day suspension or in the alternative order the Authority and the individual Defendants to provide Burgess with a new hearing while following minimum standards of procedural due process. Plaintiff also requests that this Court order that the Defendants pay Burgess costs of this action and reasonable attorney fees.

**H. <u>COUNT VIII: BREACH OF CONTRACT AS AGAINST THE NORTH PROVIDENCE HOUSING AUTHORITY, ITS BOARD OF COMMISSIONERS AND ITS EXECUTIVE DIRECTOR DONNA CONWAY FOR VIOLATING THEIR OWN PERSONNEL RULES AND REGULATION IN THEIR FAILURE TO FOLLOW PROPER STANDARDS OF PROGRESSIVE DISCIPLINE IN IMPOSING A THIRTY DAY SUSPENSION ON PLAINTIFF IN SEPTEMBER 2004</u>**

**BREACH OF CONTRACT**

83. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

84. Plaintiff has exhausted all administrative remedies available to contest the actions of the Defendant in suspending her as the Authority and all of the individual Defendants imposed a suspension on Burgess even though the Authority's own rules required that she be provided two (2) written warnings prior to the imposition of a suspension.

85. When noted at the September 21, 2004 hearing by Burgess that she had only one written warning and that the letter of suspension never mentioned that her actions, if proved, would constituted a serious breach of the Authority's disciplinary rules, the Authority's Chairwoman and its attorney disregarded the rules and for the first time at that hearing began to argue that Burgess' action, if proved, would indeed constitute a

serious breach of the Authority's rules, thereby allowing the Authority to by-pass the two written warning rule. The Authority's rules expressly provide that employees must be provided two written warning under progressive disciplinary standards prior to the imposition of a suspension. The Authority failed to follow its own rules regarding the imposition of the thirty day suspension in this matter.

86. The Authority's disciplinary rules and regulations are attached hereto as **Exhibit 1**. When notified of the imposition of the Authority's immediate thirty (30) day suspension on or about September 1, 2004, Burgess was simply told that "you are hereby notified that pursuant to the Personnel Policy of the North Providence Housing Authority, in accordance with the disciplinary procedure, you are hereby suspended without pay effective September 2, 2004 for a period of thirty (30) days..." Letter to Phyllis Burgess from NPHA dated September 1, 2004 attached hereto as **Exhibit 2**.

87. Defendant's actions taken prior to and subsequent from the Hearing are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.

88. Defendant's actions taken prior to and subsequent from the Hearing are arbitrary, capricious, characterized by abuse of discretion, and clearly unwarranted exercise of discretion and constitutes a breach of contract.

89. The Authority's actions are without substantial evidence and violate basic standards of procedural fairness under that state's constitution.

90. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff requests that under the Court find a breach of contract in that the Authority and its Board of Commissioners and its Executive Director violated their own

Personnel Rules and Regulation and that the Court reverse the Authority's imposition of the September 1, 2004 thirty (30) day suspension or in the alternative order the Authority and the individual Defendants to provide Burgess with a new hearing while following minimum standards of procedural due process. Plaintiff also requests that this Court order that the Defendants pay Burgess costs of this action and reasonable attorney fees.

## I. COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS AGAINST THE NORTH PROVIDENCE HOUSING AUTHORITY, ITS BOARD OF COMMISSIONERS AND ITS EXECUTIVE DIRECTOR DONNA CONWAY FOR OUTRAGEOUS AND EXTREME BEHAVIOR IN THEIR DEALINGS WITH PLAINTIFF SINCE PLAINTIFF RETURNED TO WORK FROM A NON-WORK RELATED INJURY IN FEBRUARY 2004

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

92. Since returning to work at the Authority in or about February 2004 for a non-work related injury, the Authority's Executive Director Donna Conway has engaged in a sustained campaign of extreme and outrageous conduct against Mrs. Burgess by imposing discipline on her and by investigating her conduct maliciously in an attempt to strip Burgess of her job for taking time off for medical reasons.

93. Conway's conduct toward Burgess has been known to the members of the Board of Commissioners of the Authority or should have been known by them from February 2004 to the present.

94. Conway's actions have caused Mrs. Burgess emotional distress and anxiety.

95. Conway's actions were intentionally meant to cause Burgess emotional distress.

96. These actions have caused Burgess monetary damages as this extreme and outrageous conduct is the type that is intolerable and should not occur in a civilized society.

97. Plaintiff has suffered physical symptoms associated with the conduct set out herein such as headaches, nightmares, night-sweats, and anxiety associated with post traumatic stress disorder;

98. Plaintiff has and is treating with a licensed psychologist to deal with the sever emotional and physical symptoms inflicted on her by the Housing Authority Defendants as well as those individual Defendants that have acted directly against Plaintiff's rights and interests in this matter.

99. The physical symptoms set out herein are directly attributable to all of the Housing Authority Defendants but especially to Chairwoman Pontarelli, Board Member Zambarano and Executive Director Conway.

WHEREFORE, Plaintiff requests that under the Court find that the Authority and its Executive Director engaged in extreme and outrageous conduct toward Burgess by the intentional infliction of emotional distress as stated herein. Plaintiff also requests that this Court order that the Defendants pay Burgess costs of this action and reasonable attorney fees.

J. **COUNT X: VIOLATIONS OF THE RHODE ISLAND OPEN MEETINGS LAW BY REFUSING TO ALLOW BURGESS AND HER ATTORNEY TO ENTER INTO A N AUTHORITY BOARD MEETING TO WHICH SHE WAS INVITED AND AT WHICH POTENTIAL DISCIPLINARY ACTION REGARDING BURGESS WAS ON THE AGENDA**

**VIOLATIONS OF R.I.G.L. § 46-42-1. ET SEQ.**

97. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

98. The Authority invited Burgess to attend a Special Meeting of the Authority's Board of Commissioners by letter sent to her on or about August 27, 2004. That notice to Mrs. Burgess is attached hereto as **Exhibit 4**.

99. Mrs. Burgess and her attorney tried to attend the meeting held by the Authority's Board of Commissioners on or about September 1, 2004.

100. When Mrs. Burgess arrived at the place where the meeting was to be held, the Board of Commissioners refused to allow her to attend the meeting by locking the door and refusing her admittance.

101. The Special Meeting held by the Authority's Board of Commissioners on or about September 1, 2004 was a meeting within the meaning of R.I.G.L. § 46-42-1, et seq. and the Authority's refusal to allow Burgess and her attorney to attend violated the Rhode Island Open Meetings Law.

102. The decision made by the Authority's Board of Commissioner's at the September 1, 2004 meeting was therefore void and of no effect and therefore Burgess should be restored the monetary damages and costs and attorney fees incurred by her which have resulted thereby.

WHEREFORE, Plaintiff requests that under the Court find that the Authority and its Executive Director and Board of Commissioners violated the Rhode Island Open Meetings Law as stated herein. Plaintiff also requests that this Court order that the Defendants pay Burgess costs of this action and reasonable attorney fees.

K. **COUNT XI: APPEAL OF IMPOSITION OF DISCIPLINE ACCUSING PLAINTIFF OF ETHICAL VIOLATIONS OF THE HOUSING AUTHORITY'S GRATUTIES RULES AND FAILING TO GRANT PLAINTIFF A HEARING ON HER REQUEST TO BE HEARD MADE TO THE CHAIRWOMAN OF THE BOARD OF COMMISSIONERS AND FOR VIOLATING THE HOUSING AUTHORITY'S RULES AND REGULAGTIONS**

## BREACH OF CONTRACT

103. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

104. Plaintiff has exhausted all administrative remedies available to contest the recent imposition of discipline on her wherein she was accused of being in violation of the Housing Authority's Ethics Rules and Regulations regarding the acceptance of gratuities.

105. Plaintiff submitted a written request to her supervisor under the employer s rules and regulations to grieve the issuance of a memorandum accusing her of violating the employer's ethics rules on or about March 24, 2005. Plaintiff's written request for a hearing was submitted the next day, March 25, 2005 to her supervisor, Executive Director Donna Conway in conformity with the employer's requirement that grievances be submitted in seven (7) days. Conway refused to accept the Plaintiff's grievance in clear violation of Plaintiff's rights under the employer's published handbook and its personnel rules and regulations. The employer has failed to reserve the right unilaterally to amend or change the handbook and personnel rules and regulations and that failure, under relevant Rhode Island Supreme Court precedent, makes the employer's handbook and personnel rules and regulations enforceable as a contract the breach of which entitles Plaintiff to a remedy at law.

106. Plaintiff attorney then requested a hearing in writing sent directly to the Chairwoman of the Housing Authority's Board of Commissioner's as counsel for the employer informed counsel for Burgess prior thereto that he did not represent the Housing Authority on the issue of the disciplinary memo issued to Plaintiff on or about March 24, 2004 regarding ethics violations.

107. The Board responded to counsel's letter denying that a grievance had occurred and claimed that no discipline had been imposed and denying a hearing on this issue.

108. Plaintiff has satisfied her obligation to exhaust her administrative remedies and now seeks the Court's intervention in reviewing the denial of a hearing and whether the March 24, 2005 memorandum given to Plaintiff was discipline or also in retaliation for Plaintiff's filing the subject lawsuit.

109. Defendant's actions taken prior to and subsequent from the date of the March 24, 2005 memorandum are arbitrary, capricious, characterized by abuse of discretion, and clearly unwarranted exercise of discretion.

110. The Authority's actions are in material breach of the North Providence Housing Authority handbook and personnel rules and regulations which require the employer to grant an employee a hearing before the Board of Commissioners whenever requested to do so as both Plaintiff and her attorney did in this instance. Since the Housing Authority, through its Chairwoman Carol Pontarelli and other agents, denied Plaintiff a hearing subsequent to the imposition of discipline their actions constitute a material breach of contract enforceable at law and for money damages as the contracts noted herein had sufficient consideration and mutuality requiring a remedy. Finally, the

Authority's actions constituting breach herein constituted selective enforcement against Plaintiff and were in retaliation for Plaintiff's filing and prosecuting the subject lawsuit.

111. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff requests that the Court remedy the breach of contract set out in this count of the Complaint and void the discipline, order that a hearing be held under the Authority's rules and regulations so that Plaintiff may seek to overturn the disciplinary memorandum imposed against her on or about March 24, 2005. Plaintiff also requests that this Court order that the Defendant North Providence Housing Authority and the individual Defendants herein provide Burgess a remedy in damages and for the costs of this action and pay her reasonable attorney fees, among other relief available under Rhode Island contract law.

**L. COUNT XII: APPEAL OF IMPOSITION OF DISCIPLINE ACCUSING PLAINTIFF OF ETHICAL VIOLATIONS OF THE HOUSING AUTHORITY'S PERSONNEL RULES AND FAILING TO GRANT PLAINTIFF A HEARING ON HER REQUEST TO BE HEARD MADE TO THE CHAIRWOMAN OF THE BOARD OF COMMISSIONERS AND FOR VIOLATING THE HOUSING AUTHORITY'S RULES AND REGULAGTIONS BY IMPOSING DISCIPLINE ON PLAINTIFF IN JUNE 2005**

**BREACH OF CONTRACT**

112. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

113. Plaintiff has exhausted all administrative remedies available to contest the recent imposition of discipline on her wherein she was accused of being in violation of the Housing Authority's Rules and Regulations regarding various disciplinary matters set out in memoranda given to Plaintiff as disciplinary on or about June 8, 2005.

114. Plaintiff submitted a written request to her supervisor under the employer's rules and regulations to grieve the issuance of a memorandum accusing her of violating the employer's rules on or about June 14, 2005. Plaintiff's written request for a hearing was submitted to her supervisor, Executive Director Donna Conway, in conformity with the employer's requirement that grievances be submitted within seven (7) days of the imposition of discipline. Conway refused to accept the Plaintiff's grievance in clear violation of Plaintiff's rights under the employer's handbook and personnel rules and regulations. The employer has failed to reserve the right unilaterally to amend or change the handbook and personnel rules and regulations and that failure, under relevant Rhode Island Supreme Court precedent, makes the employer's handbook and personnel rules and regulations enforceable as a contract the breach of which entitles Plaintiff to a remedy at law.

115. Plaintiff's attorney then requested a hearing in writing, as is required under the Authority's handbook and its personnel rules and regulations. The written request by Plaintiff's attorney was sent directly to the Chairwoman of the Housing Authority's Board of Commissioner's as counsel for the employer informed counsel for Burgess prior thereto that he did not represent the Housing Authority on the issue of the disciplinary memo issued to Plaintiff on or about June 8, 2005 regarding various violations of the employer's rules and regulations.

116. The Board of Commissioners responded to employee—counsel's letter denying that a grievance had occurred and claimed that no discipline had been imposed and refusing to grant Burgess a hearing, all in direct violation of the employer's handbook and its personnel rules and regulations.

117. Plaintiff has satisfied her obligation to exhaust her administrative remedies under the Authority's handbook and its personnel rules and regulations and now seeks the Court's intervention in reviewing the denial of a hearing on the issue whether the June 8, 2005 Authority memoranda given to Plaintiff constitutes discipline and whether it was issued in retaliation for Plaintiff's filing the subject lawsuit. Plaintiff alleges that the memorandum was discipline, that she was denied a hearing unlawfully and was issued said disciplinary memorandum in retaliation for her filing and prosecuting the subject lawsuit.

118. Defendant's actions taken prior and subsequent to the issuance of the Authority's disciplinary memorandum dated June 8, 2005 are arbitrary, capricious, characterized by abuse of discretion, and clearly unwarranted exercise of discretion and in material breach of the contract between the Authority and Plaintiff contained in the Authority's handbook and its personnel rules and regulations.

119. The Authority's actions are in material breach of the North Providence Housing Authority handbook and personnel rules and regulations which require the employer to grant an employee a hearing before the Board of Commissioners whenever requested to do so as both Plaintiff and her attorney did in this instance. Since the Housing Authority, through its Chairwoman Carol Pontarelli and other agents, denied Plaintiff a hearing subsequent to the imposition of discipline in this instance their actions constitute a material breach of contract enforceable at law and for money damages as the contracts noted herein had sufficient consideration and mutuality requiring a remedy. Finally, the Authority's actions constituting breach herein constituted selective enforcement against Plaintiff and were in retaliation for Plaintiff's filing and prosecuting the subject lawsuit.

120. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff requests that the Court remedy the breach of contract set out in this count of the Complaint and void the discipline, order that a hearing be held under the Authority's rules and regulations so that Plaintiff may seek to overturn the disciplinary memorandum imposed against her on or about June 8, 2005. Plaintiff also requests that this Court order that the Defendant North Providence Housing Authority and the individual Defendants herein provide Burgess a remedy in damages and for the costs of this action and pay her reasonable attorney fees, among other relief available under Rhode Island contract law.

**M. COUNT XIII: APPEAL OF IMPOSITION OF DISCIPLINE ACCUSING PLAINTIFF OF ETHICAL VIOLATIONS OF THE HOUSING AUTHORITY'S PERSONNEL RULES AND FAILING TO GRANT PLAINTIFF A HEARING ON HER REQUEST TO BE HEARD MADE TO THE CHAIRWOMAN OF THE BOARD OF COMMISSIONERS AND FOR VIOLATING THE HOUSING AUTHORITY'S RULES AND REGULAGTIONS BY IMPOSING DISCIPLINE ON PLAINTIFF IN JUNE 2005**

## BREACH OF CONTRACT

121. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

122. Plaintiff has exhausted all administrative remedies available to contest the recent imposition of discipline on her wherein she was accused of being in violation of the Housing Authority's Rules and Regulations regarding her allegedly not attending an employer meeting on or about June 14, 2005 and for allegedly taking pictures in her *private* office on the employer's premises without employer permission.

123. Plaintiff submitted a written request to her supervisor under the employer's handbook and personnel rules and regulations to grieve the issuance of a memorandum accusing her of violating the employer's rules set out in Paragraph 12, above, on or about June 14, 2005. Plaintiff's written request for a hearing was submitted to her supervisor, Executive Director Donna Conway, in conformity with the employer's requirement that grievances under the handbook's grievance provisions be submitted within seven (7) days of the imposition of discipline by the employer. Conway refused to accept the Plaintiff's grievance in clear violation of Plaintiff's rights under the employer's personnel rules and regulations. The employer has failed to reserve the right unilaterally to amend or change the handbook and personnel rules and regulations and that failure, under relevant Rhode Island Supreme Court precedent, makes the employer's handbook and personnel rules and regulations enforceable as a contract the breach of which entitles Plaintiff to a remedy at law.

124. Plaintiff's attorney then requested a hearing in writing sent directly to the Chairwoman of the Housing Authority's Board of Commissioner's as counsel for the employer informed counsel for Burgess prior thereto that he did not represent the Housing Authority on the issue of the disciplinary memo issued to Plaintiff on or about June 14, 2005 regarding various violations of the employer's handbook and personnel rules and regulations.

125. The Board responded to counsel's letter denying that a grievance had occurred and claimed that no discipline had been imposed and denying Plaintiff a hearing on this issue.

126. Plaintiff has satisfied her obligation to exhaust her administrative remedies and now seeks the Court's intervention for a remedy for the employer's material and

substantial breach of contract for the employer's denial of a hearing and on the issue of the disciplinary status of he employer's June 14, 2005 memoranda given to Plaintiff.

127. Defendant's actions taken prior and subsequent to the issuance of the Authority's disciplinary memorandum dated June 14, 2005 are arbitrary, capricious, characterized by abuse of discretion, and clearly unwarranted exercise of discretion and in material breach of the contracts between the Authority and Plaintiff contained in the Authority's handbook and its personnel rules and regulations.

128. The Authority's actions are in material breach of the North Providence Housing Authority handbook and personnel rules and regulations which require the employer to grant an employee a hearing before the Board of Commissioners whenever requested to do so as both Plaintiff and her attorney did in this instance. Since the Housing Authority, through its Chairwoman Carol Pontarelli and other agents, denied Plaintiff a hearing subsequent to the imposition of discipline in this instance their actions constitute a material breach of contract enforceable at law and for money damages as the contracts noted herein had sufficient consideration and mutuality requiring a remedy. Finally, the Authority's actions constituting breach herein constituted selective enforcement against Plaintiff and were in retaliation for Plaintiff's filing and prosecuting the subject lawsuit.

129. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff requests that the Court remedy the breach of contract set out in this count of the Complaint and void the discipline, order that a hearing be held under the Authority's rules and regulations so that Plaintiff may seek to overturn the disciplinary memorandum imposed against her on or about June 14, 2005. Plaintiff also requests that

this Court order that the Defendant North Providence Housing Authority and the individual Defendants herein provide Burgess a remedy in damages and for the costs of this action and pay her reasonable attorney fees, among other relief available under Rhode Island contract law.

## N. COUNT XIV: ACTION FOR VIOLATION OF THE RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT UNDER A RIGHT TO SUE LETTER AS AGAINST THE NORTH PROVIDENCE HOUSING AUTHORITY, ITS BOARD OF COMMISSIONERS AND DONNA CONWAY, ITS EXECUTIVE DIRECTOR FOR DISCRIMINATION FOR PERCEPTION OF DISABILITY AND RETALIATION

### VIOLATIONS OF R.I.G.L. § 28-5-7(1)(ii) & (v) / (5) – (7) et seq. & § 42-87-1 et seq.

130. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

131. Mrs. Burgess has for all relevant times herein served as the Section 8 Coordinator for the North Providence Housing Authority as that agency's employee.

132. Mrs. Burgess was taken out of work by her professional medical providers in December 2003 and January 2004 because of a non-work related car accident and upon returning to work in February-March 2004 was treated to unrelenting harassment by the Authority's Executive Director, Donna Conway, and several members of the Authority's Board of Directors because of their perception of Plaintiff as being disabled from performing the functions of her job upon her return to work.

133. The harassment set out herein was based on the Authority's and Donna Conway's perception of Burgess as disabled under the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-7, the Rhode Island Civil Rights for Individuals with

Handicaps Act, he federal Americans With Disabilities Act, including the Equal Employment Opportunity Commission's regulations thereunder regarding the definition of "major life activity" and other such definitions under Rhode Island and federal law.

134. The perception of disability harassment set forth herein lead the Authority, its Board of Commissioners and Donna Conway to violate R.I.G.L. § 28-5-7 *et seq.* by causing Mrs. Burgess to be disciplined in her work and to lose thirty (30) days pay in September 2004 and for the Authority to thereafter to impose various warnings upon Plaintiff all with the motivation to discrimination against Plaintiff because of the illegal and unlawful belief that Burgess was unable to perform her job and that their misperception was based on the belief that the limitations on Burgess because of her disability were substantial and affected the major life activity of working.

135. The Authority and its Board of Commissioners and Donna Conway violated R.I.G.L. § 28-5-7 *et esq.* by discriminating against Mrs. Burgess because of their perception of her as disabled when she returned to work in February 2004 and through the present as Plaintiff continues to be disciplined wrongly because of the Authority's perception of her as disabled.

136. These actions caused Plaintiff to lose pay by imposing a thirty (30) day suspension on her in September 30, 2004 and by injuring her character and causing severe emotional distress with physical symptoms such as headaches, night-sweats, nightmares, anxiety and overall discomfort because of the Authority and Conway's conduct in perceiving Plaintiff as disabled and interfering with the terms and conditions of her employment.

137. Plaintiff complained to her employer about the discrimination set forth herein and then filed a charge with the Rhode Island Commission for Human Rights

because of her claims of "perception of" or "regarded as" disability claim. I did that in part because the Authority's Executive Director, Ms. Donna Conway, would continually asked me when I returned to work in February 2004 to resign or simply quit, saying I was "too old" and "no longer physically capable" of doing my job. In or about February, March and April 2004, Ms. Conway would continually ask me why Plaintiff why she did not stay out of work and try to retire on disability so Plaintiff could make more money instead of having to come to work everyday. Plaintiff told her that she was only temporarily hurt but Conway kept insisting that Plaintiff was no longer capable of doing her job and that Plaintiff should retire. Conway demonstrated great anger towards Plaintiff during these conversations once Plaintiff came back to work and that has been continuing and ongoing.

138. Plaintiff filed a charge at the Rhode Island Commission for Human Rights on or about October 26, 2004 and the Commission issued a Complaint against the Housing Authority and the individual defendants herein on January 28, 2005. My discrimination questionnaire filed with the Commission is attached hereto as **Exhibit 5** and the Complaint issued by the Commission is attached hereto as **Exhibit 6**.

139. Plaintiff instructed her attorney to request a Right to Sue Letter from the RICHR in or about January 2005. See Letter from Richard A. Fairbrothers to RICHR dated January 3, 2005 is attached hereto as **Exhibit 7.** As the Commission never responded to that letter, Plaintiff instructed her attorney to request a Right to Sue Letter again on June 15, 2005. See Letter from Richard A. Fairbrothers to RICHR dated June 15, 2005 is attached hereto as **Exhibit 8**. The Commission responded with its Right to Sue Letter from RICHR attached hereto as **Exhibit 9**.

140. Plaintiff is entitled to punitive damages under the Fair Employment Practices Act as the acts committed herein were done with malice and willfulness.

141. Other employees and agents of the Authority acted to aid and abet the violations of the Fair Employment Practices Act as set out herein. These agents include but are not limited to the members of the Board of Commissioners, their representatives and employees.

142. Plaintiff also makes a separate claim for retaliation against the Authority and its Board of Commissioners herein under the RIFEPA and federal anti-discrimination law as applicable.

WHEREFORE, Plaintiff requests that under the authority of the Rhode Island Fair Employment Practices Act, among other laws alleged to have been violated herein, and relevant federal laws that the Court impose damages and issue an injunction against the Authority, its Board of Commissioners and Donna Conway prohibiting them individually and in concert with their co-conspirators from violating the Act and to restore Mrs. Burgess her lost pay and benefits for her thirty (30) day suspension and such other damages as the Court or jury shall order, including punitive damages as allowed by law. Plaintiff also requests that this Court order that the Defendant pay Burgess' costs of this action and her attorney fees.

**O. <u>COUNT XV: ACTION FOR VIOLATION OF THE RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT UNDER A RIGHT TO SUE LETTER AS AGAINST THE NORTH PROVIDENCE HOUSING AUTHORITY, ITS BOARD OF COMMISSIONERS AND DONNA CONWAY, ITS EXECUTIVE DIRECTOR FOR DISCRIMINATION BASED ON SEX AND RETALIATION</u>**

**VIOLATIONS OF R.I.G.L.**

**§ 28-5-7(1)(ii) & (v) / (5) – (7) et seq.**

143. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

144. Plaintiff has for all relevant times herein served as the Section 8 Coordinator for the North Providence Housing Authority as that agency's employee.

145. Plaintiff was subjected to discrimination in the terms and conditions of her employment because the employer and its representatives disciplined her several time from April 2004 until the present because of her sex. Even though the majority of the employees at the employer's facility are female, the unrelenting harassment directed toward Plaintiff by the Authority's Executive Director, Donna Conway, was motivated in part because of Conway's desire to put Plaintiff in her place as Conway demanded that she was the "boss" and no employee was going to cross her at the Authority. As Plaintiff was accused of speaking badly of Conway upon Plaintiff's return to work in February 2005, Conway directed her anger at Plaintiff as Plaintiff was then viewed as a threat to Conway's position as Executive Director and Plaintiff was then disciplined because of Conway's desire to demonstrate to Plaintiff that Conway was the most powerful women at the Authority. Those actions directed toward Plaintiff were meant to injure Plaintiff in the terms and conditions of employment based on Plaintiff's sex

146. The harassment set out herein was based on the Authority's and Donna Conway's desire to injure Burgess in the terms and conditions of her employment because of sex in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-7, and the Civil Rights Act of 1964, Title VII, as amended., including the Equal Employment Opportunity Commission's regulations thereunder regarding sex discrimination based on sex.

147. These actions caused Plaintiff to lose pay by imposing a thirty (30) day suspension on her in September 30, 2004 and by injuring her character and causing severe emotional distress with physical symptoms such as headaches, night-sweats, nightmares, anxiety and overall discomfort because of the Authority and Conway's conduct in acting against Plaintiff's employment because of Plaintiff's sex.

148. Plaintiff is entitled to punitive damages under the Fair Employment Practices Act as the acts committed herein were done with malice and willfulness.

149. Other employees and agents of the Authority acted to aid and abet the violations of the Fair Employment Practices Act as set out herein. These agents include but are not limited to the members of the Board of Commissioners, their representatives and employees.

150. Plaintiff also makes a separate claim for retaliation against the Authority and its Board of Commissioners herein under the RIFEPA and federal anti-discrimination law as applicable.

WHEREFORE, Plaintiff requests that under the authority of the Rhode Island Fair Employment Practices Act and relevant federal laws that the Court impose damages and issue an injunction against the Authority, its Board of Commissioners and Donna Conway prohibiting them individually and in concert with their co-conspirators from violating the Act and to restore Mrs. Burgess her lost pay and benefits for her thirty (30) day suspension and such other damages as the Court or jury shall order, including punitive damages as allowed by law. Plaintiff also requests that this Court order that the Defendant pay Burgess' costs of this action and her attorney fees.

P. **COUNT XVI: ACTION FOR VIOLATION OF THE RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT UNDER A RIGHT TO SUE LETTER AS AGAINST THE NORTH PROVIDENCE HOUSING AUTHORITY, ITS BOARD OF COMMISSIONERS AND DONNA CONWAY, ITS EXECUTIVE DIRECTOR FOR DISCRIMINATION BASED ON AGE**

## VIOLATIONS OF R.I.G.L.
## § 28-5-7(1)(ii) & (v) / (5) – (7) et seq.

151. Plaintiff repeats and realleges all previous paragraphs as if set forth herein in full.

150. Plaintiff has for all relevant times herein served as the Section 8 Coordinator for the North Providence Housing Authority as that agency's employee. Plaintiff was over forty (40) years of age at all relevant times set out in the Complaint.

152. Plaintiff was subjected to discrimination in the terms and conditions of her employment because the employer and its representatives disciplined her several time from April 2004 until the present because of her age. The unrelenting harassment directed toward Plaintiff by the Authority's Executive Director, Donna Conway, was motivated in part because of Conway's desire to get Plaintiff to retire early so that Conway could replace Plaintiff with a younger employee. Conway told Plaintiff several times that she believed Plaintiff to be "too old" and would constantly reference Plaintiff's age when talking to other employees in trying to embarrass Plaintiff to retire early. Those actions directed toward Plaintiff were meant to injure Plaintiff in the terms and conditions of employment based on Plaintiff's age.

153. The harassment set out herein was based on the Authority's and Donna Conway's desire to injure Burgess in the terms and conditions of her employment because of age in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-7, and the Civil Rights Act of 1964, Title VII, as amended., including the Equal

Employment Opportunity Commission's regulations thereunder regarding sex discrimination based on age.

154. These actions caused Plaintiff to lose pay by imposing a thirty (30) day suspension on her in September 30, 2004 and by injuring her character and causing severe emotional distress with physical symptoms such as headaches, night-sweats, nightmares, anxiety and overall discomfort because of the Authority and Conway's conduct in acting against Plaintiff's employment because of Plaintiff's age.

155. Plaintiff is entitled to punitive damages under the Fair Employment Practices Act as the acts committed herein were done with malice and willfulness.

156. Other employees and agents of the Authority acted to aid and abet the violations of the Fair Employment Practices Act as set out herein. These agents include but are not limited to the members of the Board of Commissioners, their representatives and employees.

157. Plaintiff also makes a separate claim for retaliation against the Authority and its Board of Commissioners herein under the RIFEPA and federal anti-discrimination law as applicable.

WHEREFORE, Plaintiff requests that under the authority of the Rhode Island Fair Employment Practices Act and relevant federal laws that the Court impose damages and issue an injunction against the Authority, its Board of Commissioners and Donna Conway prohibiting them individually and in concert with their co-conspirators from violating the Act and to restore Mrs. Burgess her lost pay and benefits for her thirty (30) day suspension and such other damages as the Court or jury shall order, including

punitive damages as allowed by law. Plaintiff also requests that this Court order that the Defendant pay Burgess' costs of this action and her attorney fees.

## V. CONCLUSION

Based upon the foregoing, the Court should enter an order as follows:

1. That the North Providence Housing Authority, its Board of Commissioners and its Executive Director, Donna Conway, violated Plaintiff's substantial rights under the Administrative Procedure Act by imposing a thirty (30) day suspension on her in violation of the Authority's own Personnel Rules and Regulations
2. That the North Providence Housing Authority, its Board of Commissioners and its Executive Director, Donna Conway, violated Plaintiff's rights under the Rhode Island Whistleblower Protection Act by imposing discipline on her when she reported internally that an elected official from eh North Providence Town Council asked Burgess to violate tenant privacy law or risk her job;
3. That Councilman, John A. Zambarano, from the North Providence Town Council violated Plaintiff's rights and conspired with the Authority, its Executive Director and Board of Commissioners to violate Plaintiff's rights under the Rhode Island Whistleblower Protection Act by having discipline imposed on Burgess when she refused to violate privacy laws

for an elected official from the North Providence Town Council;

4. That the North Providence Housing Authority, its Board of Commissioners and its Executive Director, Donna Conway, violated Plaintiff's due process rights under the Rhode Island Constitution in the conduct and notice provided to her for her right to dispute the facts against her in her disciplinary matter on or about September 21, 2004;
5. That the North Providence Housing Authority, its Board of Commissioners and its Executive Director, Donna Conway, violated Plaintiff's rights under the Rhode Island Fair Employment Practices Act, the Rhode Island Civil Rights of Individuals with Handicaps Act, the Rhode Island Civil Rights Act, and the federal Americans With Disabilities Act and Title VII of the federal Civil Rights Act of 1964, as amended, by treating Plaintiff as disabled person because of Defendants perception of Plaintiff as disabled, because of her sex and because of her age and because of retaliation against Plaintiff on all three substantive grounds of discrimination stated herein;
6. That the Defendants violated the Open Meetings Law by refusing to allow Plaintiff access to the September 1, 2004 Special Meeting to which she was invited;
7. The Defendants breached the contract they had with Plaintiff regarding their Personnel Rules and Regulations and

committed the intentional infliction of emotional distress in this matter;

8. Such other orders as the Court deems just and reasonable to protect Burgess from the violations set out in this Complaint;

9. That the Court bring all issues necessary and proper to a jury for the claims made in this Complaint; and

10. That the Court issue injunctive relief where requested in this Complaint.

**THIS COMPLAINT IS FILED UNDER THE PAINS AND PENALTIES OF PERJURY AND IS TO BE CONSIDERED A VERIFIED COMPLAINT UNDER THE RULES OF PROCEDURE**

**Phyllis Burgess**

**DATED: October 5, 2005**

Plaintiff,
By Her Attorney:

Richard A. Fairbrothers, Esq., Bar # 3980
Law Office of Richard A. Fairbrothers
1313 Washington St., Suite 515
Boston, MA 02118-2060
Tel. (617) 859-4993
Fax (617) 507-6584

**DATED: October 5, 2005**

Special Meeting to which she was invited;

7. The Defendants breached the contract they had with Plaintiff regarding their Personnel Rules and Regulations and committed the intentional infliction of emotional distress in this matter;

8. Such other orders as the Court deems just and reasonable to protect Burgess from the violations set out in this Complaint;

9. That the Court bring all issues necessary and proper to a jury for the claims made in this Complaint; and

10. That the Court issue injunctive relief where requested in this Complaint.

**THIS COMPLAINT IS FILED UNDER THE PAINS AND PENALTIES OF PERJURY AND IS TO BE CONSIDERED A VERIFIED COMPLAINT UNDER THE RULES OF PROCEDURE**

**Phyllis Burgess**

**DATED: September 20, 2005**

Plaintiff,
By Her Attorney:

Richard A. Fairbrothers, Esq., Bar # 3980
Law Office of Richard A. Fairbrothers
1313 Washington St., Suite 515
Boston, MA 02118-2060
Tel. (617) 859-4993
Fax (617) 507-6584

**DATED: September 20, 2005**