UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PHYLLIS BURGESS,
Plaintiff,

v.

NORTH PROVIDENCE HOUSING AUTHORITY, CAROL PONTARELLI, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS CHAIR OF THE AUTHORITY, DONNA CONWAY, INDIVIDUALLY AND IN HER CAPACITY AS EXECUTIVE DIRECTOR OF THE AUTHORITY, ROSEMARY ANDREOZZI, INDIVIDUALLY AND IN HER CAPACITY AS VICE CHAIR OF THE AUTHORITY, BENJAMIN ACETO, INDIVIDUALLY AND AS A MEMBER OF THE AUTHORITY'S BOARD, JOHN L. ZAMBARANO, INDIVIDUALLY AND AS A MEMBER OF THE AUTHORITY'S BOARD, STEVEN DILORENZO, INDIVIDUALLY AND AS A MEMBER OF THE AUTHORITY'S BOARD, AND TOWN COUNCIL MEMBER JOHN A. ZAMBARANO, INDIVIDUALLY AND AS A MEMBER OF THE NORTH PROVIDENCE TOWN COUNCIL,
Defendants.

C.A. 05-4585

**(Formerly in RI S.Ct. No. 04-5801)**

**MOTION TO REMAND 11/30/05**

**PLAINTIFF'S MOTION TO REMAND TO THE RHODE ISLAND SUPERIOR COURT OR, IN THE ALTERNATIVE, TO AMEND COUNTS 14 – 16 TO REMOVE THE INADVERTANT REFERENCE THEREIN TO FEDERAL ANTI-DISCRIMINATION LAW OR TO STRIKE THOSE COUNTS FROM THE COMPLAINT**

NOW COMES Phyllis Burgess, Plaintiff in this action, and moves the honorable United States District Court for the District of Rhode Island for an order of remand pursuant to 28 U.S.C. § 1441(a) – (d) and 28 U.S.C. §§ 1367, 1446, 1447 or, in the alternative, to amend Counts 14 – 16 to remove the inadvertent reference to federal anti-discrimination statutes.

The following are brief summaries of Plaintiff's arguments herein:

A. Title VII and the ADA, both of which require fifteen (15) employees for coverage, do not apply to the NPHA as the Authority has only nine (9) employees.

B. The invocation of the Court's original jurisdiction in this matter is based on Plaintiff's mere reference to federal anti-discrimination statutes in Counts 14, 15, & 16 of Plaintiff's pending state court motion to amend her Complaint and should be held to be an insufficient basis as a matter of law on which to claim federal jurisdiction;

C. Counts 14 -16 are intended to assert age, sex, and perception of disability discrimination strictly under the Rhode Island Fair Employment Practices Act and the Rhode Island Persons with Disabilities Law. Plaintiff's reference to federal law in Counts 14 – 16 was contextual only, as she intended to rely on federal case authority and certain of the EEOC's disability-related guidelines in fleshing out the meaning of Rhode Island's employment discrimination statutes relied upon in those counts.

D. The reference to federal law relied upon by defendant is taken out of context as Plaintiff mentioned federal law in passing as part of her request to amend her Complaint in state court once the Rhode Island Commission for Human Rights issued her a Notice of Right to Sue on July 12, 2005;

F. As an alternative basis for remand, Plaintiff also requests that the Court grant her request herein to amend Counts 14 – 16 to remove the inadvertent reference to federal anti-discrimination law therein so that this case can be tried in the forum chosen by Plaintiff in the first instance. Alternatively, Plaintiff should be allowed to amend to remove the offending language, strike that language or voluntarily dismiss the counts in their entirety;

G. Finally, Plaintiff has already expended significant sums on costs and fees during motion practice and while conducting significant discovery in state court. The state case could have very likely been headed to trial within the next few months in Superior Court given the advanced nature of discovery; and

There is further support for this motion in the attached memorandum. Plaintiff requests oral argument.

Respectfully Submitted,
Plaintiff,
By her Attorney

**LAW OFFICE OF MARK DANA, P.C.**

Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, RI 02909
401-454-1222 (Phone)
401-490-4834 (Fax)

***CERTIFICATION***

I hereby certify that on this 2nd day of December, 2005, I mailed a true copy of the within ***Motion*** to ***Edward John Mulligan, Esq., 1220 Pontiac Avenue, Suite 303, Cranston, RI 02920, Joseph M. DiGianfilippo, Esq., Vieira & DiGianfilippo, 50 Park Row West, Suite 101, Providence, RI 02903*** and ***Katherine K. Corcoran, Esq., Desisto Law, 211 Angell Street, PO Box 2653, Providence, RI 02906***

of The Law Office of Mark Dana, Esq.

**DATED: December 2, 2005**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PHYLLIS BURGESS, Plaintiff, | ) | |
| v. | ) | C.A. 05-4585 |
| NORTH PROVIDENCE HOUSING AUTHORITY, CAROL PONTARELLI, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS CHAIR OF THE AUTHORITY, DONNA CONWAY, INDIVIDUALLY AND IN HER CAPACITY AS EXECUTIVE DIRECTOR OF THE AUTHORITY, ROSEMARY ANDREOZZI, INDIVIDUALLY AND IN HER CAPACITY AS VICE CHAIR OF THE AUTHORITY, BENJAMIN ACETO, INDIVIDUALLY AND AS A MEMBER OF THE AUTHORITY'S BOARD, JOHN L. ZAMBARANO, INDIVIDUALLY AND AS A MEMBER OF THE AUTHORITY'S BOARD, STEVEN DILORENZO, INDIVIDUALLY AND AS A MEMBER OF THE AUTHORITY'S BOARD, AND TOWN COUNCIL MEMBER JOHN A. ZAMBARANO, INDIVIDUALLY AND AS A MEMBER OF THE NORTH PROVIDENCE TOWN COUNCIL, Defendants. | ) | **(Formerly in RI S.Ct. No. 04-5801)** **MOTION TO REMAND: MEMORANDUM 11/30/05** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO REMAND TO THE RHODE ISLAND SUPERIOR COURT OR, IN THE ALTERNATIVE, TO AMEND COUNTS 14 – 16 TO REMOVE THE INADVERTANT REFERENCE THEREIN TO FEDERAL ANTI-DISCRIMINATION LAW OR TO STRIKE THOSE COUNTS FROM THE COMPLAINT**

## I. INTRODUCTION

The North Providence Housing Authority (hereinafter "NPHA" or "employer" or "Authority") removed this case, alleging jurisdiction under 28 U.S.C. § 1441(a) – (d), to the United State District Court for the District of Rhode Island on November 3, 2005. As a defendant, the Authority includes the individual members of the

board of commissioners and Donna Conway, NPHA Executive Director. The individual members of the board of commissioners are appointed to a fixed term by the North Providence Town Council pursuant to § 45-26-4.

As discussed in Part III, Section 1, at pages 8 – 9, infra, the Court lacks subject matter jurisdiction in this case for a very simple reason: Plaintiff's references to federal law in Counts 14 – 16 of her Proposed Amended Complaint may not form the basis of federal jurisdiction since Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act do not apply to an employer with less than the fifteen (15) employees. The Housing Authority, according to sworn testimony by Executive Director Donna Conway provided to the Rhode Island Commission for Human Rights as part of this case, has only nine (9) employees. Therefore, the Housing Authority is not an employer for purposes of Title VII and the ADA. Surely Defendants would not dispute that Plaintiff's Complaint, no matter what the language used, may not be relied upon to change the requirements of federal statutory law.

- **BACKGROUND**

Plaintiff's original Complaint, filed on October 27, 2004, includes claims such as: (1) Counts I & VII state administrative procedures act and state/federal constitutional due process claim; (2) Count II R.I. Whistleblower Protection Act; (3) Counts IV – VI R.I. Civil Rights Act; (4) Count VIII breach of contract/handbook; (5) Count IX intentional infliction of emotional distress; and (6) Count X R.I. Open Meetings Act. Claims sought to be added by amendment include Counts 9, 11 – 16 and range from reinstatement of intentional inflection claim to breach of handbook for failure to diminish employee expectation of contract to anti-discrimination under Rhode Island law.

The only non-NPHA defendant is Councilman John A. Zambarano, an elected member of the North Providence Town Council. Count III alleges[1] that Councilman Zambarano, after an April 1, 2004 phone conversation with Plaintiff, directly encouraged his cousin on the board of commissioners, John L. Zambarano, to have the NPHA discipline Plaintiff for refusing to violate the Authority's confidentiality rules and the relevant housing privacy laws as he is alleged to have demanded that Plaintiff release information to which he was not legally entitled. These allegations referenced in the text are based on the submission of a memorandum used as evidence by the NPHA during its September 21, 2004 disciplinary hearing.

Plaintiff's motion to amend, including the three counts, 14 – 16, that form the basis of Defendants removal petition, had not been granted at the time of removal. See Plaintiff's Motions to Amend and Supporting Memorandum (September 22, 2005) (Defendant's Index for Removal Petition # 23). By agreement with the removing defendant's counsel of record, Plaintiff filed a Stipulation Removing Individual Capacity Liability of NPHA Defendants on October 6, 2005. See Defendant's Index for Removal Petition # 25 (Mislabeled on Defendant's Index as Motion to Amend when actually Stipulation as stated herein). That stipulation did not add federal counts to the Complaint and was never agreed to or signed by Plaintiff. See also Affidavit of Phyllis Burgess Seeking Remand (December 1, 2005) attached hereto as **Exhibit A.**[2]

---

[1] Pursuant to the Rhode Island Whistleblower Protection Act.

[2] Plaintiff's claims survived her employer's Rule 12(b)(6) motion to dismiss. See NPHA Motion To Dismiss (November 7, 2004) (Defendant's Index for Removal Petition at # 4); see also Plaintiff's Opposition to Defendant NPHA's Motion to Dismiss (January 4, 2005) (Defendant's Index for Removal Petition at # 5 & Defendant's Removal Petition Index #6). NPHA's motion for summary judgment, see NPHA Motion For Summary Judgment and Memorandum & Affidavits in Support (May 12, 2005) (Defendant's Index for Removal Petition # 15), failed but for the state Court's dismissal of Plaintiff's administrative procedures act and due process claims. See Decision on Defendant's Motion For Summary Judgment (August 2, 2005) (Defendant's Index for Removal Petition # 19).

## II. STANDARARDS APPLICABLE TO REMOVAL

When a plaintiff challenges the propriety of a defendant's removal to federal court, the defendant must carry the burden of showing the necessary facts to support the court's exercise of jurisdiction pursuant to 28 U.S.C. § 1441. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 181 (1936) (imposing burden on defendant regarding justification of removal); BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997) (defendant bears burden to prove removal by existence of federal jurisdiction). Any doubts about the propriety of removal are construed in favor of remand. See Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999) (doubts about removal should be resolved in favor of remand); Matthews v. Stewart, 207 F.Supp 2d 496, 497 (M.D.La 2001) (district court's limited jurisdiction construes doubts against removal once plaintiff seeks remand).

The well-pleaded complaint rule applies whenever the Court is confronted with a request to remove. See generally Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (well-pleaded complaint rule provides federal jurisdiction if federal question presented on face of plaintiff's properly pleaded complaint). Courts should look to the four-corners of the Plaintiff's Complaint at the time of removal in order to determine whether Plaintiff has relied upon federal law sufficient to confer original jurisdiction under 28 U.S.C. § 1331's "all claims arising under the Constitution, law, or treaties of the United States" language. See Caterpillar, 482 U.S. at 392 (plaintiff master of complaint and by causes of action chosen could keep case in state forum); Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for So. Cal., 463 U.S. 1, 10 (1983) (same).

In the employment context, "Direct or indirect references to Title VII in state causes of action do not transform those claims into federal causes of action." Elliot v.

Direct Marketing, Inc., 1 F. Supp 2d 1031 (D.Az. 1997); see also id. (remanding when plaintiff mentioned Title VII's attorney fees provisions as part of state claim; defendants argument that reference to federal anti-discrimination law enough insufficient since use of a "federal theory is immaterial inasmuch as [plaintiff's]...claim is also supported by an independent state theory."). Courts' finding that reference to federal law is made by mistake generally refuse to rely on inadvertence alone when the question posed is as substantial as federal jurisdiction. See, e.g., Johnson v. First Federal Savings & Loan Ass'n., 418 F. Supp. 1106 (D.MI. 1976) (case remanded as Plaintiff made clear her intent that any references to federal law were inadvertent and unintended).

## III. ARGUMENTS IN SUPPORT OF REMAND

### (1) The federal anti-discrimination laws cited in Counts 14 – 16 do not apply to the Housing Authority as it has less than the required fifteen (15) employees needed for application of Title VII and the ADA.

Removal should be held improper here since the North Providence Housing Authority is not covered by the two federal statues mentioned in Counts 14 – 16.[3] That is, both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, require an employer to have fifteen (15) or more employees for those federal statutes to apply. See ADA, 42 U.S.C. § 12111(5) (A) ("employer" means person engaged in commerce who has fifteen or more employees for specified time during each year); Title VII, 42 U.S.C. § 2000e(b)

[3] In response to the Rhode Island Commission for Human Rights issuance of a charge of discrimination in this case, Executive Director Donna Conway, by way of sworn testimony in the form of an affidavit, in or about April 2005, represented to the Commission that the Housing Authority has less than nine (9) employees.

("employer" means person engaged in commerce who has fifteen or more employees for specified time during each year).

Therefore, as a matter of law, Plaintiff cannot be held to have relied on federal statutes that are inapplicable to her employer in the first instance. Remand is thus required as the Court lacks subject matter jurisdiction and may not entertain Defendants petition since the parties to this action are not diverse.

**(2) Plaintiff's Counts 14 – 16 do not expressly allege claims under federal law as Title VII and the ADA are mentioned in passing and only for context. Therefore, the Court should allow Plaintiff to strike the challenged language from her Complaint.**

Counts 14 – 16 are styled as "action[s] under the Rhode Island Fair Employment Practices Act" and cite as part of the title to each R.I.G.L. § 28-5-7(1)(ii) & (v) / (5) – (7) et seq., alleging regarded as disability discrimination, as well as sex, age and retaliation discrimination. Each of the three (3) counts contains only one (1) full paragraph where federal anti-discrimination law is explicitly mentioned as follows:

**Count 14**
"133. The harassment set out herein was based on the Authority's and Donna Conway's perception of Burgess as disabled under the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-7, and the federal Americans With Disabilities Act, including the Equal Employment Opportunity Commission's regulations thereunder regarding the definition of "major life activity" and other such definitions under Rhode Island and federal law."
**Count 15**
"146. The harassment set out herein was based on the Authority's and Donna Conway's desire to injure Burgess in the terms and conditions of her employment because of sex in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. § 28-5-7, and the Civil Rights Act of 1964, Title VII, as amended., including the Equal Employment Opportunity Commission's regulations thereunder regarding sex discrimination based on sex."
**Count 16**
"153. The harassment set out herein was based on the Authority's and Donna Conway's desire to injure Burgess in the terms and conditions of her employment because of age in violation of the Rhode Island Fair Employment Practices Act,

> R.I.G.L. § 28-5-7, and the Civil Rights Act of 1964, Title VII, as amended., including the Equal Employment Opportunity Commission's regulations thereunder regarding sex discrimination based on age."

In a Proposed Amended Complaint containing 157 individually numbered paragraphs (plus its introductory language), with 16 substantive counts running some 43 pages, the only explicit reference to federal law is contained in the three (3) paragraphs set out above. While all three counts make various other uses of the phrase "and other relevant federal anti-discrimination law" or some similar phraseology, federal law is not set forth as the basis of Plaintiff's causes of action.[4] If anything, Plaintiff simply makes inadvertent reference to federal law in Counts 14 – 16 thereby unintentionally creating the kind of doubt that must be resolved against the non-removing party. See Christiason v. Merit Texas Properties, LLC, 393 F. Supp. 2d 435, 437 (N.D.TX 2005) (if court may not say with certainty that references to federal law actually show plaintiff intended federal claim doubt must be resolved in favor of non-removing party); Elliot v. Direct Marketing, Inc., 1 F. Supp. 2d 1031, 1034 (D.Az. 1997) ("Direct or indirect references to Title VII in state causes of action do not transform those claims into federal causes of action.").

Based on the foregoing, therefore, the Court should order remand to the state court since the counts under challenge do not make federal law the basis of any of Plaintiff's anti-discrimination claims and merely reference federal law to show context.

**(3) Plaintiff's State Complaint was never actually amended as her September 22, 2005 motion to amend to include Counts 14 – 16 is still pending before the Superior Court. In addition, there is nothing on which Defendants could rely**

---

[4] Cf. Rains v. Criterion Systems, Inc., 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is federal theory – federal question does not attach because federal law is not a necessary element of the claim.").

**to remove since Plaintiff never signed the unrelated Stipulation filed on October 5, 2005 meant only to remove individual liability from the NPHA defendants.**

The NPHA Defendants mistakenly imply in their Petition for Removal that Plaintiff amended her complaint in state court on October 5, 2005. Plaintiff did no such thing. Plaintiff did file a stipulation on October 5, 2005 in order to remove individual liability of the NPHA defendants and to facilitate settlement. Burgess never actually signed the stipulation or the Complaint attached thereto. Under the circumstances, the Court should find the stipulation as an insufficient basis for federal court jurisdiction and instead remand the case so that the Superior Court may decide Plaintiff's September 22, 2005 motion to amend. See Plaintiff's Motions to Amend and Supporting Memorandum (September 22, 2005) (Defendant's Index for Removal Petition # 23).

An amendment must first be allowed in state court before it can ripen a claim of federal question jurisdiction. See 28 U.S.C. § 1331. Furthermore, a defendant must remove to federal court within thirty (30) days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). See Sullivan v. Conway, 157 F.3d 1092, 1095 (7th Cir. 1998) (filing amendment request with state court insufficient in itself to trigger the thirty day removal rule); Torres v. Chevron U.S.A., Inc., 2004 U.S. Dist. LEXIS 21332 (N.D.Calif. 2004) (amendment must first be allowed in state court for thirty day removal rule to apply).

Since the stipulation relied upon (and mistakenly called an amended complaint) is unrelated to any issue other than the individual liability of the NPHA defendants, the Court should find Defendants reliance thereon insufficient to keep this case in federal court. The Court should thus order remand as Defendants petition was filed prematurely

since Plaintiff's September 22, 2005 motion to amend her Complaint is still pending in the state court.

> **(4) As a final and possibly unnecessary argument herein Plaintiff seeks the right either to amend Counts 14 – 16 to remove language of no import to her claims or, in the alternative, to strike the offending claims entirely. Plaintiff also disclaims herein any interest in Counts 14 – 16 as they relate to federal law. Allowing the request to strike provides the Court the discretion to remand, as no federal question would then be at issue; the history of the case in state court and the predominance of state law in the claims she brought there works against the retention of jurisdiction of the remaining pendant state law claims.**

As a matter of fairness and judicial economy, the Court should allow Plaintiff, if it finds Counts 14 – 16, however inadvertently, sufficiently sets forth federal question jurisdiction, the opportunity to (1) amend her Complaint to remove the offending language, or (2) strike the offending language from Counts 14 – 16; or (3) in the alternative allow her to strike and voluntarily dismiss Counts 14 – 16 in their entirety.

Plaintiff's requested relief herein is fairly typical when, absent fraud, federal law is relied upon as a basis of removal jurisdiction but the actual references to federal statutory or common law was inadvertently made part of a plaintiff's state court lawsuit. In Hood v. city of Boston, 891 F. Supp. 51 (D.Mass. 1995), for example, the Court found jurisdiction was proper in Federal Court but then allowed a plaintiff to disclaim any interest in and waive his rights under 42 U.S.C. § 1983. The Hood court then remanded the case to state court, holding that "jurisdictional inquiry in a case such as this is not mechanical, and must be guided by "prudence and restraint[,]...with an eye toward practicality and necessity." Id. at 56-57 (citing Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 810 (1986)). Similarly, the Supreme Court held in Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988), that while there is no explicit statutory authority to remand pendant claims after the federal claims no longer exist, the District

Courts have discretion to do so after taking into consideration issues of fairness, convenience, comity and judicial economy.[5]

The Court should, as a matter of fairness, allow Plaintiff to strike the language mentioning federal anti-discrimination law from her Complaint. If that occurs, the case should be remanded to state court since only state law claim will be available for decision by judge or jury. This case should, pursuant to the grounds set forth herein, be remanded to state court.

Respectfully Submitted,
Plaintiff,
By her Attorney

**LAW OFFICE OF MARK DANA, P.C.**

Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, RI 02909
401-454-1222 (Phone)
401-490-4834 (Fax)

***CERTIFICATION***

I hereby certify that on this 2nd day of December, 2005, I mailed a true copy of the within ***Memorandum*** to ***Edward John Mulligan, Esq., 1220 Pontiac Avenue, Suite 303, Cranston, RI 02920, Joseph M. DiGianfilippo, Esq., Vieira & DiGianfilippo, 50 Park Row West, Suite 101, Providence, RI 02903*** and ***Katherine K. Corcoran, Esq., Desisto Law, 211 Angell Street, PO Box 2653, Providence, RI 02906***

of The Law Office of Mark Dana, Esq.

[5] Senior Judge Ronald R. Lagueux, in Corrigan v. Rhode Island, 820 F. Supp. 647 (1993), an employment discrimination case, followed Cohill's practicality instructions to the letter by remanding to state court all of plaintiffs claims under the Rhode Island Fair Employment Practices Act even after trial in federal court under federal law.