UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PHYLLIS BURGESS,<br>Plaintiff<br><br>v.<br><br>NORTH PROVIDENCE HOUSING AUTHORITY, CAROL PONTARELLI, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS CHAIR OF THE AUTHORITY, DONNA CONWAY, INDIVIDUALLY AND IN HER CAPACITY AS EXECUTIVE DIRECTOR OF THE AUTHORITY, ROSEMARY ANDREOZZI, INDIVIDUALLY AND IN HER CAPACITY AS VICE CHAIR OF THE AUTHORITY, BENJAMIN ACETO, INDIVIDUALLY AND AS MEMBER OR THE AUTHORITY'S BOARD, JOHN L. ZAMBARANO, INDIVIDUALLY AND AS A MEMBER OF THE AUTHORITY'S BOARD, STEVEN DILORENZO, INDIVIDUALLY AND AS A MEMBER OF THE AUTHORITY'S BOARD, AND A TOWN COUNCIL MEMBER JOHN A. ZAMBARANO,INDIVIDUALLY AND AS A MEMBER OF THE NORTH PROVIDENCE TOWN COUNCIL,<br>Defendants. | C.A. NO.: 05-458-S<br><br>DEFENDANTS' OBJECTION TO TO MOTION TO REMAND AND/OR IN THE ALTERNATIVE TO DISMISS PLAINTIFFS' FEDERAL CLAIMS<br><br>(R.I. SUPERIOR COURT P.C. NO.: 04-5801) |

**DEFENDANTS' OBJECTION TO MOTION TO REMAND AND/OR IN THE ALTERNATIVE TO DISMISS PLAINTIFF'S FEDERAL CLAIMS**

NOW COMES the (removing) defendants and file their Objection to the Plaintiff's Motion to Remand and/or in the Alternative to Dismiss Plaintiff's Federal Claims.

The defendants filed a Petition for Removal with this court within the 30 day period, where it could have been asserted that they were placed on notice of the plaintiff's federal claim in her Amended Complaint, filed with the Providence County Superior Court by the Plaintiff, on October 6, 2005-- and therefore had to file a removal within said 30 day period.

In response to the Petition for Remand, the plaintiff now files an objection on the grounds that she no longer wishes to pursue any federal claims and/or no federal claims were "intentionally" included in the Amended Complaint, rather they were inserted by mere inadvertence and , thus, ought to have no operative effect.

Since, the plaintiff now avows in her Motion to Remand that she no longer has any federal claims and/or does not intend to present any federal claims, so that the jurisdiction of this court is no longer needed, then these objectors would in the alternative request that this court enter judgment and/or order to the effect that any claim of the plaintiff for federal causes of action and/or for federal damages are denied with prejudice, costs to defendants or such other relief as the circumstances deem mete.

Defendants have attached a proposed Judgment/Order in this regard.

Defendants' Supporting Memorandum is also filed herewith.

DATED: AT CRANSTON, RHODE ISLAND THIS 7th DAY OF DECEMBER, 2005.

Defendants by their Attorney (s)

Edward John Mulligan #0143
1220 Pontiac Avenue, Suite 303,
Cranston, R.I. 02920
Tel: (401) 944-5820, and
Joseph M. DiGianfilippo #0693
Vieira & DiGianfilippo
50 Park Row West, Suite 101
Providence, R.I. 02903
Tel (401) 453-2950
By:

*Edward John Mulligan*

CERTIFICATION

I hereby certify that I mailed a true copy to the following counsel listed hereinafter, on this 7th day of December, 2005.

TO:

Richard A. Fairbrothers, Esq.
1313 Washington Street, Suite 515
Boston, MA 02118-2060

Mark Dana. Esq.
Law Offices of Mark Dana, P.C.
536 Atwells Avenue
Providence, R.I. 02909

Katherine K. Corcoran, Esq.
Desisto Law
211 Angell Street
P.O. Box 2653
Providence, R. I. 02906-2563

*Edward John Mulligan*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PHYLLIS BURGESS,<br>Plaintiff<br><br>v.<br><br>NORTH PROVIDENCE HOUSING AUTHORITY, CAROL PONTARELLI, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS CHAIR OF THE AUTHORITY, DONNA CONWAY, INDIVIDUALLY AND IN HER CAPACITY AS EXECUTIVE DIRECTOR OF THE AUTHORITY, ROSEMARY ANDREOZZI, INDIVIDUALLY AND IN HER CAPACITY AS VICE CHAIR OF THE AUTHORITY, BENJAMIN ACETO, INDIVIDUALLY AND AS MEMBER OR THE AUTHORITY'S BOARD, JOHN L. ZAMBARANO, INDIVIDUALLY AND AS A MEMBER OF THE AUTHORITY'S BOARD, STEVEN DILORENZO, INDIVIDUALLY AND AS A MEMBER OF THE AUTHORITY'S BOARD, AND A TOWN COUNCIL MEMBER JOHN A. ZAMBARANO,INDIVIDUALLY AND AS A MEMBER OF THE NORTH PROVIDENCE TOWN COUNCIL,<br>Defendants. | C.A. NO.: 05-458-S<br><br>MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO REMAND AND/OR IN THE ALTERNATIVE DISMISS PLAINTIFF'S FEDERAL CLAIMS<br><br>(R.I. SUPERIOR COURT P.C. NO.: 04-5801) |

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO REMAND AND/OR IN THE ALTERNATIVE DISMISS PLAINTIFF'S FEDERAL CLAIMS**

NOW COMES the (removing) defendants and submit this Memorandum in Support of their Objection to the Plaintiff's Motion to Remand and/or in the Alternative to Dismiss the Plaintiff's Federal Claims. The defendants' removal was timely filed, within the 30 day timeframe, as a result of the Plaintiff's adding federal counts to her Complaint.

Background:

The plaintiff, who is over 40 years of age, is an employee of the defendant Housing Authority. According to the court papers, at the time she was hired, she was over 40 years of age.[1]

This matter initially involved a thirty (30) day suspension of the plaintiff, from her position with the North Providence Housing Authority. The plaintiff then challenged the suspension and claimed a hearing before the Board of Commissioners ("Board").

A hearing was held before the Board, where plaintiff was represented by counsel, and after hearing evidence and counsel, the 30 day suspension was upheld.

Thereafter, plaintiff sought to create a legal imbroglio by filing with several fora.

The plaintiff filed for unemployment benefits. Hearings were held on those benefit claims. That matter remains pending before the Sixth District Court. It is captioned *North Providence Housing Authority vs. Department of Labor*, No. AA 05-12.

The plaintiff, through counsel, also filed a complaint with the Rhode Island Department of Attorney General claiming a violation of the Open Meetings Law. After defendants' response to that complaint, it was withdrawn[2].

Plaintiff additionally filed a complaint with the Rhode Island Human Rights Commission, as part of her discrimination claim.

The plaintiff filed a prolix complaint against these defendants, with the Providence Superior Court. Counsel in all of these matters has been Richard Fairbrothers, Esq.,

---

[1] According to the Affidavit by Donna Conway, the Executive Director of the Housing Authority, in support of the prior motion for summary judgment, at paragraphs 5 through 8, plaintiff was 59 years of age at the time of her hire, the average age of the employees of the Housing Authority is 59 years of age and the highest management position is held by a female over 40 years of age and the Chairman of the Housing Authority is also a female over 40 years of age.

[2] See attached letter from the Department of Attorney General, in this regard, dated, December 21, 2004.

The Superior Court case has not been assigned for trial. Discovery has been in conflict, resulting, *inter alia,* in defendants filing Motions to Compel and to Strike Responses to Admissions. Defendants sought to take a video deposition of the plaintiff, to which the plaintiff filed a Motion to Quash. That matter came on for hearing, resulting in the plaintiff withdrawing her objection. Depositions had been scheduled and by agreement have been continued. Based on the present posture of the case, contrary to plaintiff's unsupported assertion made out of whole cloth, it is highly doubtful, that had this matter remained in the state court that a trial would be held in the next year or so. The plaintiff sought to file Amended Complaints and last filed an Amended Complaint, which was placed on the Motion Calendar for October 6, 2005. That Amended Complaint contained the predicate federal claims, giving this court jurisdiction. <u>If the case were not timely removed, she would be claiming federal damages in state court.</u> Now having triggered the removal to federal court, by raising federal claims, plaintiff seeks to hastily disavow her asserted federal claims, and practice funambulism by claiming that her federal claims are merely an "inadvertent reference to federal anti-discrimination law" or, in the alternative that she be "allowed to amend (her newly amended complaint) to remove the offending (federal claim) language," and if that is not allowed, then "to strike that language," and if that is not allowed, then to "voluntarily dismiss those counts in their entirety." ( Plaintiff even files a hear say affidavit -not based or stated to be based on "personal knowledge,"-- trying to disavow her own attorney's actions.) Contrary to her opaqueness about voluntary dismissal, it would appear that the plaintiff needs some "push" or "shove," before she will "voluntarily' dismiss offending federal and "frivolous" claims, as no such dismissal has been filed.

SUPPORTING ARGUMENT

The plaintiff under the tedious complaint is responsible for all actions taken thereunder. Here, late in the game, the plaintiff sought to introduce several federal counts to her prolix complaint. Under the presentation of federal claims, the defendants properly, within the 30 day notice period, filed a Petition for Removal with this court, under 28 U.S.C. §1441 (a). *See e.g. Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Now, in contradiction to her "new complaint federal counts," the plaintiff in the opening gambit in her motion to remand, in opposition to her own claim position, heedlessly asserts that: "the Court lacks subject matter jurisdiction * * * for a very simple reason: * * * the Americans with Disability Act do not apply * * * hence, the Housing Authority is not an employer for purposes of Tile VII and the ADA," (*see* page 2 of Plaintiff's Opposing Memo). In light of her claiming federal rights, this is a somewhat mystifying position.

By the plaintiff now claiming lack of subject matter being the case, then, quaere: why did the plaintiff make such a federal claim for damages in Counts 14 to 16 of her Amended Complaint? It is clear that plaintiff sought to make federal claims where she pleads at ¶ 142, "Plaintiff also makes a <u>separate claim</u> * * * under the RIFEPA <u>and the federal anti-discrimination</u> law as applicable," where she seek punitive damages and counsel fees, which are allowed by federal law.

And, further along this federal claim path, where there is no simple lack of federal jurisdiction claim as to Count XV, where she presented a claim under federal law for compensatory, punitive damages and counsel fees based on <u>sexual discrimination</u>, the plaintiff unhesitating states such wrongful acts violate "the Civil Rights Act of 1964,

including the Equal Employment Opportunity Commission's regulations thereunder regarding sex discrimination based on sex." *See* at ¶146.

Continuing with her "new" complaint, plaintiff again makes a specific federal action where she proclaims that she has "a separate claim * * * under the RIFEPA and the federal anti- discrimination law [is] applicable," and she seeks, thereunder, punitive damages and counsel fees, which are allowed by federal law. *See* at ¶150.

Again in Count XVI, she further posits a claim based on age discrimination, which she presents as violating "the Civil Rights Act of 1964, including the Equal Employment Opportunity Commission's regulations thereunder regarding sex discrimination based on age . . . . " *See* at ¶153. Plaintiff, additionally, makes another count where she further makes another federal "separate claim * * * under the RIFEPA and the federal anti-discrimination law as applicable," where she seek punitive damages and counsel fees, which are allowed by federal law. *See* at ¶157. (Emphasis to above, supplied.)

Finally, at paragraph 5 in her request for judgment against these defendants, plaintiff demands that she be given relief against the defendants for "violat[ing] Plaintiff's rights under * * * the federal Americans with Disabilities Act and Title VI of the Federal Civil Rights Act of 1964 . . . ." The law is well-established that "the presence of even one federal claim gives the defendant the right to remove the entire case to federal court." *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3rd. 536, 543 (8th Cir.1996) and by raising claims that arise under federal law, plaintiff subjected herself to the possibility of removal by these defendants. *See City of Chicago v. International College of Surgeons,* 118 S. Ct. 523, 529 (1997). By plaintiff raising federal claims, this court has jurisdiction over plaintiff's state law claims because they form part of the same case

or controversy as her federal claims. *See Gaming Corp.*, 88 F.3rd at 542 (stating that a district court has no discretion to remand a claim that states a federal question). Hence, from the perspective of this writer, it is difficult to discern the plaintiff's position that federal subject matter has suddenly disappeared and that what she said in her complaint is merely "inadvertent" or precatory language which does not trigger any federal claims. Or claim, that if this court concludes that federal claims have been made, then by all means, plaintiff will "voluntarily dismiss" the federal claims.

To further add fuel to the fire, the plaintiff fires an affidavit, wherein she asseverates, notwithstanding seeking federal damages, that she never agreed to that complaint. Seemingly, the plaintiff *sotto voco* appears in her hearsay affidavit to suggest that she is in conflict with her attorney for the filing of this latest complaint. Nonetheless, the record indicates that Attorney Dana is merely in this specially and only for the purpose of this motion and for no other purpose.

Be that as it may, because the plaintiff now suddenly opines that she had no longer has any federal claim (to circumvent this court), *ergo*, her federal claims are without plainly merit. Plaintiff now requests that this court to allow plaintiff, under these admitted circumstances, to amend her present claim to strike, remove and/or dismiss any federal claim.

Defendants would seek to "push" the plaintiff to accept its responsibility to this court, the state court, and the parties, by treating the plaintiff's motion to remand as what it is: a stipulation and/or admission to the effect that the plaintiff has no federal claims or federal rights in this action, past, present or in the future, in the instant premises against any of the defendants or any of their heirs, successors, representative and/or agents.

Defendants would concede (despite the time, effort and expense caused defendants-- as a result of plaintiff's filing of what in effect are merit-less federal claims), because the matter has been pending in the state court; where there has been discovery, motions to dismiss have been heard, partial summary judgment has been granted etc.; then, upon dismissal of all federal claims and federal actions requested by plaintiff, it would sense to remand the matter to the state court. Nonetheless, defendants maintain that had this matter not been brought to federal court and then dismissed, then plaintiffs would have asserted in state court they are entitled to additional damages under federal law.

Defendants, in this regard, have prepared a Proposed Order/Judgment which is attached to the their response to the plaintiff's motion and would request that basically judgment enter that plaintiff has no federal cause of action and that any federal cause of action is dismissed with prejudice, costs to the defendants and such other relief deemed mete.

DATED: AT CRANSTON, RHODE ISLAND THIS 7th DAY OF DECEMBER, 2005.

Respectfully submitted,

Edward John Mulligan #0143
1220 Pontiac Avenue, Suite 303,
Cranston, R.I. 02920
Tel: (401) 944-5820, and
Joseph M. DiGianfilippo *#0693*
Vieira & DiGianfilippo
50 Park Row West, Suite 101
Providence, R.I. 02903
Tel (401) 453-295
By:

*Edward John Mulligan*

CERTIFICATION

I hereby certify that I mailed a true copy to the following counsel, of record, listed hereinafter, on this 7TH day of December, 2005.

Richard A. Fairbrothers, Esq.
1313 Washington Street, Suite 515
Boston, MA 02118-2060

Mark Dana. Esq.
Law Offices of Mark Dana, P.C.
536 Atwells Avenue
Providence, R.I. 02909

Katherine K. Corcoran, Esq.
Desisto Law
211 Angell Street
P.O. Box 2653
Providence, R. I. 02906-2563

Ed John Mulligan

*Edward John Mulligan*